O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>                    Plaintiff,<br>         v.<br><br>SMOKIN' HARBOR TOBACCO, et al.,<br><br>                    Defendants. | Case No.:  2:22-cv-06864-MEMF-SKx<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [ECF NO. 20]** |

Before the Court is the Motion for Default Judgment filed by Plaintiff GS Holistic, LLC. ECF No. 20. For the reasons stated herein, the Court hereby DENIES the Motion for Default Judgment.

/ / /

/ / /

1

## I. Background

### A. Factual Background[1]

Since 2020, Plaintiff GS Holistic, LLC ("GS") has marketed and sold products using the trademark "Stündenglass." Compl. ¶ 8. Stündenglass-branded products include glass infusers and related accessories and are widely recognized nationally and internationally. *Id.* GS is the rightful owner of United States trademarks, which are registered on the Principal Register, include: (1) U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011; (2) U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034; and (3) U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034 (collectively, the "Stündenglass Marks"). *Id.* ¶ 11. GS has used the Stündenglass Marks in commerce throughout the United States, continuously, since 2020, in connection with the manufacturing of glass infusers and accessories. *Id.* ¶ 13.

Defendant Smokin' Harbor Tobacco ("Smokin' Harbor") is a company engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit Stündenglass glass infusers. *Id.* ¶ 6. Defendants Kerolos Abdelmalak, Andrew Ghaly, and Joseph Gabra owned, managed, and/or operated Smokin' Harbor and regularly exercised the authority to purchase products for resale, decide which products Smokin' Harbor offered for sale, to hire and fire employees, and controlled the finances and operations of Smokin' Harbor. *Id.* ¶ 7.[2]

The Defendants have, without GS's consent, previously offered to sell and sold within the United States commerce, glass infusers bearing reproductions, counterfeits, copies and/or colorable imitations of the Stündenglass Trademarks that were not made or authorized by GS (the "Counterfeit

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Complaint, ECF No. 1 ("Compl."). To be clear, the Court is not finding that these facts are true, but is merely assuming that they are true for the purpose of ruling on this Motion.

[2] Smokin' Harbor, Abdelmalak, Ghaly, and Gabra shall be referred to hereinafter as the "Defendants."

Goods"). *Id.* ¶ 25. Nevertheless, the Defendants sold in commerce the Counterfeit Good using reproductions, counterfeits, copies and/or colorable imitations of one or more of the Stündenglass Marks. *Id.* ¶ 26. Specifically, the Defendants sold reproductions, counterfeits, copies, and/or colorable imitations of the Stündenglass Trademarks (the "Infringing Marks"). *Id.* The Defendants have, without the consent of GS, continued to sell the Counterfeit Goods bearing the Infringing Marks, bearing the likeness of the Stündenglass Trademarks in the United States. *Id.* ¶ 27.

**B. Procedural History**

On September 22, 2022, GS filed the instant Complaint against all four Defendants, alleging two causes of action: (1) federal trademark counterfeiting and infringement, 15 U.S.C. § 1114; and (2) federal false designation of origin and unfair competition, 15 U.S.C. § 1125(a). *See generally* Compl. The Court will address the procedural history with respect to each Defendant separately.

i. <u>Gabra</u>

On October 19, 2022, GS filed proof of service upon Gabra. ECF No. 16. On October 31, 2022, GS requested that the clerk enter default against Gabra. ECF No. 17. This request was granted and the clerk entered default as to Gabra on November 1, 2022. ECF No. 18. On November 3, 2022, the Court issued an Order to Show Cause regarding Default Judgment, ordering GS to file a Motion for Default Judgment on or before November 25, 2022. ECF No. 19.

On January 11, 2023, GS filed a notice of dismissal as to Gabra dismissing Gabra from the case. ECF No. 24.

ii. <u>Abdelmalak</u>

On October 19, 2022, GS filed proof of service upon Abdelmalak. ECF No. 15. On November 23, 2022, GS filed the instant Motion for Default Judgment against Abdelmalak. ECF No. 20. On May 11, 2023, an Answer was filed.[3] ECF No. 26.

---

[3] The Answer was filed using the Central District's pleading form for pro se litigants. At the top of the form, in the space for "Name and Address," only Abdelmalak and Ghaly are listed. In contrast, the caption lists Smokin' Harbor, Abdelmalak, and Ghaly. In addition, although the document is titled Answer, as the Court

3

iii. Ghaly

On December 9, 2022, GS filed a proof of service on Ghaly. ECF No. 22. Prior to that, however, on November 23, 2022, GS filed the instant Motion for Default Judgment against Ghaly. On May 11, 2023, an Answer was filed.[4] ECF No. 26.

iv. Smokin' Harbor

On October 19, 2022, GS filed proof of service upon Smokin' Harbor. ECF No. 14

On November 23, 2022, GS filed the instant Motion for Default Judgment against Smokin' Harbor. ECF No. 20. On May 11, 2023, an Answer was filed.[5] ECF No. 26.

***

On May 24, 2023, the Court ordered GS to serve the Defendants with notice of the hearing on the Motion by May 26 and file proof of having done so. ECF No. 29. GS did not file any such proof with the Court. The Court held oral argument on this matter on June 1, 2023. Attorney Tomas Carlos Leon appeared on behalf of GS. Abdelmalak and Ghaly appeared on behalf of themselves. Smokin' Harbor was unrepresented by counsel.

II. **Applicable Law**

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general

---

clarified at the hearing, Abdelmalak and Ghaly intended for this document to simply be their explanation for why they had not previously responded to the Complaint. The Court notes that it does not contain any of the usual material that an Answer contains—namely a response to the allegations set forth in the Complaint. An answer is a written response to the allegations made in the plaintiff's complaint. Generally, an answer may contain a brief introductory statement, a response to each paragraph of the complaint, any affirmative defenses and counterclaims the defendant wishes to raise, a request for relief, and a request for a jury trial if applicable. HOW TO ANSWER THE COMPLAINT, PUBLIC COUNSEL (Dec. 2018), https://publiccounsel.org/wp-content/uploads/2021/11/Guide-How-to-Answer-the-Complaint.pdf.

[4] As discussed above, it appears this was an explanation on behalf of Smokin' Harbor, Abdelmalak, and Ghaly as to why they had not previously responded to the Complaint.

[5] As discussed above, it appears this was an explanation on behalf of Smokin' Harbor, Abdelmalak, and Ghaly as to why they had not previously responded to the Complaint.

guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required by FED. R. CIV. P. 55(b)(2). C.D. CAL. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* FED. R. CIV. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

GS requests that the Court grant its Motion for Default Judgment. Before doing so, the Court must consider whether: (1) GS has satisfied the procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1; and (2) the *Eitel* factors weigh in favor of granting default judgment. It is clear to this Court that GS has not satisfied the procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1.

A review of the docket shows that the Clerk of Court has only entered default against Gabra, who is no longer a defendant in this action. Nor has GS requested that the clerk enter default against Smokin' Harbor, Abdelmalak, or Ghaly. Federal Rule of Civil Procedure 55(b) only authorizes a district court to grant default judgment *after* the Clerk of Court enters default under Rule 55(a). FED. R. CIV. P. 55(b). Because the Clerk of Court has yet to do so with respect to the remaining defendants in this case, GS's pending Motion was premature and procedurally deficient.

Pursuant to Local Rule 55-1, GS has submitted a declaration from counsel: (1) stating that Defendants are not infants or incompetent persons; and (3) asserting that the Servicemembers Civil

Relief Act does not apply. ECF No. 20-3 ("Leon Aff."). However, the declaration erroneously states that default was entered against the Defendants on October 31, 2022. *Id.* ¶ 3 (citing ECF No. 17). Moreover, GS has apparently failed to serve the remaining Defendants with a copy of this Motion with a notice of the hearing date and time, therefore failing to comply with the procedural requirements of Local Rule 55-1.[6]

For the foregoing reasons, the Court hereby DENIES the Motion for Default Judgment.

## IV. Next Steps for Defendants

### A. Next Steps for Smokin' Harbor

Abdelmalak and Ghaly clarified at the hearing that Defendant Smokin' Harbor does not have an attorney to represent it in this matter. A corporation may only participate in federal court proceedings if it is represented by an attorney. *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–02 (1993). As a result, Smokin' Harbor is ordered to get an attorney and file a notice of appearance by an attorney *or* submit a request for additional time to find an attorney within ninety (90) days of the date of this order. If Smokin' Harbor fails to get an attorney, it will not be permitted to file an Answer. If that happens, GS might seek default and then default judgment against Smokin' Harbor. In other words, if Smokin' Harbor does not get an attorney, it will not be allowed to defend itself further in federal court and might lose this case.

### B. Next Steps for Abdelmalak and Ghaly

The Answer filed by Abdelmalak and Ghaly, ECF No. 26, lacks the usual parts of an Answer that are described in footnote 3 of this Order. The Court will allow Abdelmalak and Ghaley to rewrite their Answer with that information in mind and file an Amended Answer. The Court advises Abdelmalak and Ghaly to consult with a practicing attorney before doing so. Abdelmalak and Ghaly can also refer to the Resources for Self-Represented Parties (*see* Section V below) for additional help. The Amended Answer is due within ninety (90) days of the date of this order.

///

---

[6] Because GS has failed to comply with the procedural requirements of FED. R. CIV. P. 55 and Local Rule 55-1, the Court need not consider whether the *Eitel* factors weigh in favor of denying default judgment.

### V. Resources for Self-Represented Parties

Although Defendants Abdelmalak and Ghaly may proceed *pro se*, *i.e.*, without legal representation, they nonetheless are required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants, i.e., parties who are not represented by a lawyer. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

### VI. Next Steps for GS Holistic, Abdelmalak, and Ghaly

Given what this case is about and given what Abdelmalak and Ghaly said in their Answer and at the hearing, it appears to the Court that it would be helpful for the parties to attempt to reach a settlement as early as possible. The Court is therefore ordering GS Holistic, Abdelmalak, and Ghaly to participate in a settlement conference before the assigned Magistrate Judge, Steve Kim, and attempt to reach a mutually beneficial settlement, if possible. The next steps for doing so are outlined below:

Abdelmalak, Ghaly, and counsel for GS Holistic are ordered within seven (7) days of the date of this Order to send a joint email to Judge Kim's Courtroom Deputy Clerk, Connie Chung, at sk_chambers@cacd.uscourts to request and secure the next available date for Judge Kim to hold a settlement conference, as well as for further instructions. Ms. Chung will offer two to three dates for the parties to agree on, and then issue Judge Kim's standard settlement conference order. The parties are then to follow Judge Kim's orders and attend the settlement conference where they will attempt to settle this case.

Within seven (7) days after the settlement conference, GS Holistic, Abdelmalak, and Ghaly must file a joint status report advising this Court of whether the parties were able to settle the case.

### VII. Conclusion

In light of the foregoing, the Court hereby ORDERS as follows:

1. The Motion for Default Judgment is DENIED;
2. The parties are referred to Magistrate Judge Steve Kim for a settlement conference;
3. GS Holistic, Abdelmalak, and Ghaly must contact Judge Kim's Courtroom Deputy Clerk within seven (7) days of the date of this Order; and
4. Within seven (7) days after the settlement conference before Judge Kim, the parties must file a joint status report with this Court.

If the matter is not resolved at the settlement conference, the Court hereby ORDERS:

1. Smokin' Harbor is ordered to get an attorney and file a notice of appearance by an attorney *or* submit a request for additional time to find an attorney within ninety (90) days of the date of this Order; and
2. Abdelmalak and Ghaly are ordered to file an Amended Answer within ninety (90) days of the date of this Order.

IT IS SO ORDERED.

Dated: June 2, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge